Kenneth M. ROWLS, Plaintiff–Appellant,

v.

Elizabeth A. WEAVER, Chief Justice, Michigan Supreme Court, et al. Defendants–Appellees.

No. 01–1589.

United States Court of Appeals, Sixth Circuit.

Dec. 7, 2001.

454

Before CLAY and GILMAN, Circuit Judges; EDGAR, District Judge.*

Kenneth M. Rowls, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and injunctive relief, Rowls sued numerous Michigan Supreme Court Justices in their official

* The Honorable R. Allan Edgar, United States Chief District Judge for the Eastern District of Tennessee, sitting by designation.

capacities. Rowls claimed that: 1) the defendants violated his procedural and substantive due process rights; and 2) the defendants violated his equal protection rights. He essentially alleged that the defendants abused their state authority and violated state established procedures when they improperly denied his application for leave to appeal from his 1997 state conviction for criminal sexual conduct. Upon review, the district court concluded that Rowls's complaint lacked an arguable basis in law, and it dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e). Rowls has filed a timely appeal, essentially reasserting his claims.

Upon review, we conclude that the district court properly dismissed Rowls's complaint. Nonetheless, we affirm for reasons slightly different than those expressed by the district court. *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir.1985). Although judges are immune from any suit for damages arising out of actions taken by the judge in his judicial capacity and within the apparent scope of his jurisdiction, *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991), judicial immunity does not bar claims for equitable relief in § 1983 actions. *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir.1996). Here, Rowls only sought injunctive relief.

The district court properly determined that Rowls's claims lack an arguable basis in law. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). A claim may be dismissed as frivolous when the plaintiff does not present any claim with an arguable or rational basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In this case, the district court properly concluded that, to the extent Rowls is challenging his 1997 state court conviction, he cannot pursue such relief under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

In addition, Rowls's complaint was subject to dismissal for lack of subject matter jurisdiction. Under the *Rooker–Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506–07 (6th Cir.2000). Federal courts also lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision. *Feldman*, 460 U.S. at 486–87, 103 S.Ct. 1303; *Patmon*, 224 F.3d at 509–10. A plaintiff's claims are inextricably intertwined with the state court's decision if the federal claims can succeed only to the extent that the state court wrongly decided the issues before it, *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998), and if the federal claims assert specific challenges to the state court proceedings, rather than a general challenge to the constitutionality of the state law. *Patmon*, 224 F.3d at 509–10; *Catz*, 142 F.3d at 293.

In the present case, Rowls argues that the defendants abused their authority and violated their own procedures when they denied his application for leave to appeal. He does not argue that the procedures themselves are unconstitutional. Hence, he clearly sought to have this court review the state court proceedings, even though his intent to do so was thinly veiled by nominal allegations of constitutional violations. Therefore, the dismissal of his

case also would have been proper under the *Rooker–Feldman* doctrine.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.